187 So. 661

BREMER v. YOUNG et al.

No. 35166.

March 6, 1939.

Wilkinson, Lewis, Wilkinson & Naff, Irwin & Cowles, and Albert P. Garland, all of Shreveport, for appellants.

Cook, Cook & Egan, of Shreveport, for appellee.

PONDER, Justice.

This suit involves the ownership of 7.85 acres of land. The plaintiff instituted a jactitation suit against the defendant I. L. Young, who claimed to be the owner of the fee title of the property in dispute and owner of an interest in the minerals thereunder; other defendants who claimed to be the owners of interest in the minerals and the lessee under a mineral lease. The defendants answered setting up title and converted the suit into a petitory action. The plaintiff answered the petitory action pleading thirty years prescription acquirendi causa. The plaintiff admitted the record title of the defendant. The sole question for determination was whether or not the plaintiff acquired the property by the prescription of thirty years. Upon trial of that issue in the lower court, judgment was rendered in favor of the plaintiff sustaining the plea of thirty years' prescription acquirendi causa and recognizing the plaintiff as owner of the property. The defendants have appealed.

The plaintiff owns 80 acres of land being the W. ½ of the S. W. ¼ of Section 22, T. 23 N., R. 16 W. The defendant I. L. Young owns the fee title to the N. W. ¼ of the N. W. ¼ of Section 27, T. 23 N., R. 16' W., which lies south of the plaintiff's property and adjoins the lower

40 acres of the plaintiff's property on the south. The 7.85 acres of land in dispute is rectangular in shape, lying directly south and adjoining the plaintiff's property. The rectangular strip lies adjoining the entire south boundary of plaintiff's property being of equal distance in length as plaintiff's south boundary. This 7.85 acres is beyond the title of the plaintiff and extends into the defendant I. L. Young's property which joins the plaintiff on the south.

An examination of the record discloses that the plaintiff was the tenant of a Mr. Hutchins in 1902 at which time Mr. Hutchins owned the 80 acres of land which the plaintiff now owns and 40 acres of land lying to the east being the N. W. ¼ of the S. W. ¼ of Section 22, making in all 120 acres of land. The plaintiff testified that he cleared a part of the 7.85 acres in dispute at that time, in 1902, under an agreement with Mr. Hutchins with the view of building a home thereon. In 1903 the plaintiff's mother purchased the entire 120 acres of land from Mr. Hutchins for the plaintiff. The preponderance of the testimony shows that in 1903 the plaintiff lived on the northeast 40 acres of this property and that the plaintiff inclosed the south 40 acres of his property with a fence at that time, inclosing therein the 7.85 acres which is now in dispute. While there is considerable conflict in the testimony as to whether or not the plaintiff cultivated the disputed land or not, yet, the preponderance of evidence shows that the plaintiff has continuously cultivated some of the disputed property since 1904 and all of it

for quite a number of years with the exception of one year that the plaintiff leased it at which time it was worked by the plaintiff's lessee. The testimony shows when plaintiff's mother bought the land in 1903 for the plaintiff that the plaintiff immediately went into possession of the property as owner of it, even though his mother did not execute the title to the plaintiff until 1908. The evidence shows that the mother lived in Shreveport and would stay part of the time with the plaintiff. The testimony of the plaintiff that his mother bought the property for him and that it was his property was not disputed. The evidence shows that the plaintiff sold the northeast forty acres of the 120 acre tract to A. L. Morris in 1922 at which time the plaintiff moved to the northern part of the eighty acres which he now owns and has lived on ever since. The record shows that the defendant I. L. Young owns 80 acres of land adjoining the plaintiff's on the west and 40 acres adjoining the plaintiff's on the south which he has owned continuously since 1903. The testimony on behalf of the defendants is to the effect that the plaintiff did not cultivate the property in dispute until about 1924. The testimony of the defendant Young is to the effect that in 1904 or 1905 the defendant Young fenced in his entire 80 acres west of the plaintiff and that in 1907 the defendant Young built a fence along the south boundary of the disputed property. The testimony shows that the 40 acres lying east and adjoining the plaintiff's lower 40 acres was known as the Keel property which was already under fence at that time. Consequently, from the testimony

on behalf of the defendants there was a fence around three sides, west, south and east, of the plaintiff's lower 40 acres in 1907. There seems to be no serious dispute in the evidence with reference to the fence on the north side of plaintiff's lower 40 acres of land. The dispute seems to be largely confined to the fences on the west side of plaintiff's lower 40 acres and the fence south of plaintiff's property along the south boundary of the 7.85 acres in dispute. From the evidence there seems to be no dispute that on the west side of plaintiff's property there was a lane between the plaintiff's property and the defendant Young's property the length of the north 40 acres. There is a dispute as to whether the lane extended through the length of the south 40 acres of plaintiff's property. From the preponderance of evidence it appears that this lane extended the entire length of the 80 acres. This fact is not only shown by the testimony on behalf of the plaintiff but two of the defendants' witnesses testified that there was an old fence on plaintiff's side of the lane. From the evidence it appears the plaintiff and the defendant Young have always been of the impression that the disputed land belonged to the plaintiff until a survey was made in 1938. The defendant Young admits that he thought it was the plaintiff's property and he has never claimed the property until after the recent survey.

The defendants contend that, even though the defendant Young made an error as to the south boundary line of the plaintiff's property when the fence was built in 1907 under the mistake that it was the true boundary, the title to the land is not lost by prescription unless some one else has held it adversely as owner long enough to acquire title by prescription. The defendants cite authorities to support this contention. Since we have found that the preponderance of the evidence shows that the plaintiff fenced in the property in 1903 and has kept it continuously under fence since that time and since we have found that plaintiff has cultivated some of the property continuously since that time, it is unnecessary for us to discuss these authorities because they would not be applicable. The plaintiff has cited authorities to the effect that boundaries established for more than thirty years cannot be disturbed. The defendants contend that the law applicable to boundaries cannot be considered since this is not a boundary suit. It is not necessary under our finding in this case for us to determine whether such law is applicable or not.

Another contention of the defendants is the plaintiff not having obtained title to his property until 1908, a few months short of thirty years, that the plaintiff could not tack on to his possession the possession he held from 1903 to 1908 since the record title was in his mother and his possession for that period of time was for his mother. The uncontradicted testimony in this record shows the plaintiff's mother bought the property for the plaintiff in 1903 and, even though the title was not transferred to the plaintiff, the plaintiff went into possession as owner. The plaintiff is corroborated in this testimony by

the fact that the plaintiff's mother did transfer the title to him in 1908. There is no evidence to show that the plaintiff went in as a lessee of his mother or in any other capacity except that of owner. The plaintiff has been in ،uninterrupted possession of this property under the title of owner for more than thirty years. Under the provisions of articles 3499 and 3500, Rev.Civ.Code, and the facts in this case, the plea of thirty years' prescription should be sustained.

For the reasons assigned, the judgment is affirmed at appellants' cost.